# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 10, 2001 Session

## RUTH N. WILSON v. LANDON HAYNES SNAPP, JR., ET AL.

**Appeal from the Chancery Court for Sullivan County**
No. 16-128     Richard E. Ladd, Chancellor

**FILED AUGUST 31, 2001**

**No. E2001-00172-COA-R3-CV**

---

In this suit the Trial Court held a purported deed from Ruth N. Wilson to Landon Haynes Snapp, Jr., and Gene L. Snapp was champertous and void. The Snapps appeal, contending this holding was in error. We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., joined.

Thomas A. Snapp, Knoxville, Tennessee, for the Appellants, Landon Haynes Snapp, Jr., and Gene L. Snapp.

William W. Davis, Jr., Knoxville, Tennessee, for the Intervening Appellees, James E. Willis and Neil Leonard.

## OPINION

This litigation was initiated by Ruth N. Wilson, who resides in Virginia, seeking to have a March 16, 1998, quitclaim deed executed by her transferring 58.54 acres of land located principally in Tennessee and partially in Virginia declared void as champertous. The grantees in this quitclaim deed were Landon Haynes Snapp, Jr., and Gene L. Snapp.

James E. Willis and Neil Leonard who, on May 2, 1983, had obtained a quitclaim deed to the property from Paul D. LeQuire,[1] were permitted to intervene, and likewise alleged the deed from Ms. Wilson to the Snapps was void as champertous.

The Trial Court dismissed Ms. Wilson's suit, finding that she had no standing to contest the validity of a deed that she herself had signed, and that her allegations that the Snapps had perpetrated a fraud on her in connection with the execution of the quitclaim deed was not proved by a preponderance of the evidence. We also note that in the case of Ferguson v. Prince, 190 S.W. 548 (Tenn. 1916 ), a grantor is estopped to challenge the validity of a deed as champertous. Ms. Wilson does not appeal dismissal of her suit.

The Chancellor, however, sustained the position of the Intervening Plaintiffs and held that the deed from Ms. Wilson to the Snapps was void because it was champertous.

The Snapps appeal, raising the following issue:

> 1. WHETHER OR NOT THE TRIAL COURT ERRED WHEN IT HELD THAT THE MARCH 16, 1998 QUITCLAIM DEED EXECUTED BY PLAINTIFF RUTH WILSON TO DEFENDANTS LANDON SNAPP AND GENE SNAPP WAS VOID AS A CHAMPERTOUS TRANSFER?

In this non-jury case our review is *de novo* upon the record of the proceedings below; however, that record comes to us with a presumption that the Chancellor's factual findings are correct. Tenn.R.App.P. 13(d). We must honor that presumption unless we find that the evidence preponderates against the Chancellor's factual findings. Union Carbide Corp. v. Huddleston, 854 S.W.2d 87 (Tenn. 1993). The Chancellor's conclusions of law, however, are not accorded the same deference. Campbell v. Florida Steel Corp., 919 S.W.2d 26  (Tenn. 1996).

Tennessee has codified the law of champerty, which is found in T.C.A., Title 66, Chapter 4, and as pertinent to this appeal is as follows:

> **66-4-201. Champertous sales of pretended interest prohibited.** – No person shall agree to buy, or to bargain or sell any pretended right or title in lands or tenements, or any interest in such pretended right or title.

> **66-4-202. Sale without possession.** – Any such agreement, bargain, sale, promise, covenant or grant shall be utterly void where the seller has not personally, or by the seller's agent or tenant, or the seller's ancestor, been in actual

[1]    Mr. LeQuire owned no interest in the property and his only connection therewith is that his deceased wife was the step-grandchild of Margaret Cooley, a former owner of the property, and was named executrix in Ms. Cooley's will.

possession of the lands or tenements, or of the reversion or remainder, or taken the rents or profits for one (1) whole year next before the sale.

. . . .

**66-4-204. Bona fide sales unimpaired.** – The provisions of this part shall not prevent an absolute and bona fide sale or mortgage of lands or tenements not possessed and held adversely at the time of such sale or mortgage; nor a sale by execution, nor a sale and conveyance by a nonresident of this state, of lands which such nonresident may own, and of which lands no person, at the time of such sale, holds adverse possession by deed, devise, or inheritance.

**66-4-205. Presumption of champerty from sale of land adversely held by another.** – If any person sells any lands or tenements, not having possession of them personally or by agent or tenant, the same being adversely held by color of title, champerty shall be presumed until the purchaser shows that such sale was bona fide made.

The Defendants make three arguments assailing the Chancellor's determination. First, they say the evidence preponderates against his finding that the property was being adversely held by the Intervening Plaintiffs at the time of the transfer of the property to them. Second, they say that the property in question had been attached in another proceeding between the heirs of the former owner and the Intervening Plaintiffs and, consequently, the property could not be held adversely by the Intervening Plaintiffs. Lastly, they say because Ms. Wilson is a non-resident the deed comes within the exception to the Champerty Statutes set out in T.C.A. 66-4-204.

Our review of the record persuades us that as to the first insistence the evidence does not preponderate against the Trial Court's finding of adverse possession, and as to that issue we affirm the Chancellor under Rule 10 of this Court.

The Chancellor addressed the second argument, which insists the Intervening Plaintiffs could not have held the property adversely because it had been attached in an earlier chancery law suit filed by Ms. Wilson, as follows:

THE COURT: I find the attachment...

. . . .

THE COURT: ...did not affect the adverse possession. An attachment essentially brings the property into the jurisdiction of the Court so that the Court can make a finding relative to title of the property without – that would be binding on everyone that had claims against the property. It did not dispossess the defendants in the original lawsuit.

In addition to the observation of the Chancellor, we note that in the ordinary case an attachment issues as to personal or real property when the defendants are not residents and cannot be served by ordinary process. The attachment subjects the property to sale to satisfy a successful plaintiff's claims. It should also be noted that "an attachment does not divest the property," White v. Suttle, 31 Tenn. 169 (Tenn. 1851); Third Nat. Bank v. Foster, 18 S.W. 267 (Tenn. 1891), and if the defendants answer, an original attachment is treated as an ancillary attachment which serves to create a lien upon the property to secure any judgment rendered.

The attachment in question issued as a result of a suit filed in the Chancery Court of Sullivan County on March 7, 1984.[2] The plaintiffs were Ruth N. Wilson and others against a host of defendants, all of whom, both plaintiffs and defendants, except the Intervening Plaintiffs in the case on appeal, were heirs of Mary Neff, who had inherited under the will of Margaret Cooley.

The complaint sought a writ of attachment, presumably as a substitute service for non-resident defendants, a restraining order to prevent the Intervening Plaintiffs from occupying the property in question, and a sale of the property for partition.

It is questionable whether the purported attachment is valid in that it does not appear the suit contains any grounds for attachment set out in T.C.A. 29-6-101, or that an affidavit was filed as required by T.C.A. 29-6-113. (See Appendix for copy of the Code Sections referenced.)

In light of the foregoing, we agree with the Chancellor that the attachment did not prevent the Intervening Plaintiffs from holding the property adversely.

As to the last argument made by the Snapps, they rely on T.C.A. 66-4-204, hereinbefore quoted.

The fallacy of their argument, however, is that even though Ms. Wilson is a non-resident, the statute only applies in cases of *bona fide* sales and also does not apply where a party is holding adverse possession by "deed, devise, or inheritance."

The Chancellor made a specific finding–with which we concur–that the purchase of Ms. Wilson's interest of the property for $200 was not a *bona fide* purchase, and also that the property was being held adversely under color of title by the Intervening Plaintiffs by virtue of a quitclaim deed hereinbefore referenced.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Landon Haynes Snapp, Jr., and Gene L. Snapp and their surety.

---

[2] This case is still pending in the trial court.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

**29-6-101. Grounds for attachment.** – Any person having a debt or demand due at the commencement of an action, or a plaintiff after action for any cause has been brought, and either before or after judgment, may sue out an attachment at law or in equity, against the property of a debtor or defendant, in the following cases:

(1) Where the debtor or defendant resides out of the state;

(2) Where the debtor or defendant is about to remove, or has removed, the debtor's or defendant's person or property from the state;

(3) Where the debtor or defendant has removed, or is removing, the debtor's or defendant's person out of the county privately;

(4) Where the debtors or defendants concealed is so that the ordinary process of law cannot be served upon the debtor or defendant;

(5) Where the debtor or defendant absconds, or absconded concealing the debtor's or defendant's person or property;

(6) Where the debtor or defendant has fraudulently disposed of, or is about fraudulently to dispose of, the property;

(7) Where any person liable for any debt or demand, residing out of the state, dies, leaving property in the state; or

(8) Where the debtor or defendant is a foreign corporation which has no agent in this state upon whom process may be served by any person bringing suit against such corporation; provided, that the plaintiff or complainant need only make oath of the justness of the claim, that the debtor or defendant is a foreign corporation and that it has no agent in the county where the property sought to be attached is situated upon whom process can be served.

**29-6-113. Plaintiff's affidavit**. – In order to obtain an attachment, the plaintiff, plaintiff's agent or attorney, shall make oath in writing, stating the nature and amount of the debt or demand, and that it is a just claim; or, if the action is for a tort, that the damages sued for are justly due the plaintiff or plaintiffs, as affiant believes, but that the true amount of such damages is not ascertained; and, also, that one (1) or more of the causes enumerated in § 29-6-101 exists.